IN THE CIRCUIT COURT IN AND FOR
POLK COUNTY, FLORIDA

CASE NO 53-20 11CA-001852-0000-00
Sec 7

KAREN STRICKLAND,

    Plaintiff,

v.

CAPITAL ONE SERVICES, LLC,

    Defendant

_____/

## COMPLAINT

NOW COMES the Plaintiff, KAREN STRICKLAND, by and through her attorneys, WEISBERG & MEYERS, LLC, complaining against the Defendant, CAPITAL ONE SERVICES, LLC, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat §559.72 (hereafter the "FCCPA"), and Intentional Infliction of Emotional Distress

### PARTIES

2. Plaintiff, KAREN STRICKLAND ("Plaintiff"), is a "consumer" as defined by the FCCPA, who was at all relevant times residing in Polk County, State of Florida

3. At all relevant times herein, Defendant, CAPITAL ONE SERVICES, LLC ("Defendant") or ("COS") acted as a debt collector in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in Polk County, Florida.

## JURISDICTION

5. This is an action seeking damages in excess of $15,000.00, exclusive of attorneys' fees and court costs.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Defendant has made at least one attempt to collect an alleged debt from the Plaintiff.

8. Defendant regularly collects debts from consumers such as the Plaintiff.

9. Plaintiff and her ex-husband, Raymond Viehbeck III, divorced in and about 1994.

10. Mr. Viehbeck passed away on December 27, 2010.

11. In connection with an attempt to collect a debt allegedly owed by Mr. Viehbeck, Defendant, via its agent and/or employee "Victoria" placed a telephone call to Plaintiff on December 28, 2010 at or about 8:00 P.M.

12. At such time, Plaintiff informed Defendant that her ex-husband had died the night previous, requested that Defendant remove her telephone numbers from its system, and to cease placing calls to her.

13. Defendant responded to this information by placing three additional phone calls to Plaintiff on January 7, 2011, in an attempt to collect the aforementioned debt.

14. Defendant communicated with Plaintiff during the third phone call placed to Plaintiff, via its agent and/or employee, "Byron," and at such time, Defendant demanded

payment from Plaintiff for the alleged debt, but as Plaintiff is not, and was not, liable for said alleged debt, Plaintiff refused, and again requested that Defendant cease placing calls to her.

15. Defendant, via its agent and/or employee "Kevin" placed a call to Plaintiff again on January 16, 2011 at 2:16 P.M., and at such time, Plaintiff once again requested that Defendant cease placing calls to her

16. Defendant placed further calls to Plaintiff on January 19, 2011 at 9:56 a.m. and January 20, 2011 at 1:59 a.m., but at such times, failed to leave a voicemail message for Plaintiff

17. Defendant placed yet another call to Plaintiff on January 23, 2011, and at such time, Plaintiff again communicated to Defendant's agent and/or employee "Teri" that Plaintiff's ex-husband was deceased, that she was not liable for the alleged debt, and requested that Defendant cease placing calls to Plaintiff

18. In response to this latest request for Defendant to cease placing calls to Plaintiff, Defendant, via its agent and/or employee "Travis," placed a call to Plaintiff on January 24, 2011, at which time Plaintiff's husband reiterated to Defendant that Plaintiff's ex-husband was deceased and demanded that Defendant cease placing calls to Plaintiff's residence.

19. Defendant responded that Plaintiff's number would be removed from the Defendant's calling system, and that the calls would cease approximately seventy-two (72) hours thereafter.

20. Defendant subsequently placed additional calls to Plaintiff on February 1, 2011 at 3:33 p.m., February 3, 2011 at 8:45 a.m., February 6, 2011 at 10:45 a.m and February 7, 2011 at 3:39 p.m.

21  As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in her daily routine thus warranting an award of emotional and/or mental anguish damages

22. As a result of the above violations of the FCCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA
## AGAINST COS

23  Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-22 of this complaint.

24. Defendant violated §559 72(7) of the Florida Consumer Collection Practices Act by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.

25. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress

WHEREFORE, Plaintiff, KAREN STRICKLAND, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages,

    c. Statutory damages of $1,000.00;

    d Plaintiff's attorneys' fees and costs;

   e      Any other relief deemed appropriate by this Honorable Court

## COUNT II
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST COS

26. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-22 of this complaint.

27 Defendant violated §559 72(9) of the Florida Consumer Collection Practices Act by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

28. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KAREN STRICKLAND, by and through her attorneys, respectfully prays for judgment as follows·

   a.      All actual compensatory damages suffered,

   b.      Emotional and/or mental anguish damages,

   c.      Statutory damages of $1,000 00;

   d.      Plaintiff's attorneys' fees and costs;

   e.      Any other relief deemed appropriate by this Honorable Court.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-22 of this complaint.

30. Defendant engaged in extreme and outrageous conduct in connection with its actions as detailed above.

31. Defendant intentionally or recklessly caused severe emotional distress to the Plaintiff in connection with its actions as detailed above.

32. Defendant's conduct was so outrageous in character, and so extreme in degree, that it is considered atrocious and utterly intolerable in a civilized community.

33. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and severe emotional distress.

WHEREFORE, Plaintiff, KAREN STRICKLAND, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY***

ALEX D WEISBERG
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S Flamingo Road, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax

By: _____
Alex D Weisberg, Esq
FBN 0566551